**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MATTHEW NIXON and KARI NIXON, and all others similarly situated, | |
| Plaintiffs, | Court No.  20-cv-2670 |
| v. | ***JURY TRIAL DEMANDED*** |
| GENERALI US BRANCH, | |
| Defendant. | |

## COMPLAINT AT LAW

Plaintiffs, Mr. and Mrs. Matthew Nixon ("Plaintiffs"), by and through their undersigned attorneys, complaining of the Defendant, GENERALI US BRANCH ("Generali"), for their Complaint at Law, pleading in the alternative, on behalf of themselves and all others similarly situated, state as follows.

### Nature of the Action

1.     This action arises out of Generali's failure to provide insurance coverage for the out-of-pocket expenses incurred by Plaintiffs because of the ongoing Coronavirus (COVID-19) pandemic and corresponding government directives.

2.     Plaintiffs bring this action for breach of contract and declaratory relief on behalf of themselves and all others similarly situated.

### The Parties

3.     Plaintiff, Matthew Nixon and his wife Kari Nixon, are residents of Illinois.

4.     Defendant, Generali is an insurance company that has its principal place of business in New York, New York.  Generali is admitted or licensed to do business in all 50 states and the District of Columbia.

5.      At all times mentioned herein, Defendant, Generali, was licensed to do business in the State of Illinois, selling travel insurance policies, and did in fact engage in such business in the state of Illinois.

### Jurisdiction and Venue

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class is a citizen of a different state than Defendant; there are more than 100 members of the Class; and upon information and belief the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs.

7.      This Court has personal jurisdiction over Generali pursuant to Illinois's long-arm statute, 735 ILCS 5/2-209, because this complaint concerns: (1) one or more contracts Generali made to insure risk in Illinois, and (2) business that Generali transacted within Illinois, and (3) one or more contracts and/or promises Generali made that are substantially connected with Illinois. 735 ILCS 5/2-209(a)(1), (4), (7).

8.      Additionally, because this action presents an actual controversy within this Court's jurisdiction, this Court may declare the legal rights and obligations of the parties hereto under 28 U.S.C. § 2201.

9.      Venue is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Illinois.

**Factual Allegations**

***Plaintiffs Plan a Trip and Buy Travel Insurance***

10.     In or about January 2020, Plaintiffs planned their family vacation to Florida. Plaintiffs booked a six-day stay at a resort in Panama City Beach, Florida for themselves and their two children and made a deposit for their stay with the resort.  Plaintiffs were scheduled to arrive at their destination on March 21, 2020 and depart on March 27, 2020.

11.     In connection with planning their family vacation, Plaintiffs purchased travel insurance from Generali on or about February 6, 2020.

12.     In 2020, Generali sold Plaintiffs a travel protection insurance policy (Master Policy Number:TMP100010) (the "Policy").  The Policy is attached hereto as Exhibit A.

13.     Pursuant to the Policy, Generali agreed to provide benefits for Trip Cancellation (Ex. A p. 16) and Trip Interruption (Ex. A at p. 19) if the trip was cancelled or interrupted due to a "Covered Event."

14.     The Policy defined "Covered Event" to include "being Quarantined." Ex. A at pp. 16-19.

15.     The Policy defines "Quarantine" as "the enforced isolation of you or your Traveling Companion, for the purposes of preventing the spread of illness, disease or pests." (Ex. A, at p. 9).

16.     Under the Policy, "Traveling Companion" means "a person who, during the Trip will accompany you in the same accommodations." (Ex. A at p. 10).

17.     Additionally, the Policy defines "Covered Event" to include the circumstance where "Your Accommodations at your destination made inaccessible due to fire, flood, volcano, earthquake, hurricane or other natural disaster."  Ex. A at p. 18.  The Policy defines "inaccessible"

to mean "your Accommodations cannot be reached by your original mode of transportation." (Ex. A at p. 18).

18.     Pursuant to the Trip Cancellation coverage, Generali agreed to reimburse its insured for "forfeited, prepaid, non-refundable, non-refunded, and unused published Payments" that were paid for the insured's trip "if you are prevented from taking your Trip due to one of the following unforeseeable Covered Events that occur before departure on your Trip." (Ex A at p. 16).

19.     Pursuant to the Trip Interruption coverage, Generali agreed to reimburse its insureds for "the unused, non-refundable land or water arrangement prepaid to the Travel Supplier prior to department on your Trip" if "your Trip is delayed beyond your Scheduled Depature Date, or if you are unable to continue the Trip due to one of the unforeseeable Covered Events listed below that occur during your Trip dates to you or your Traveling Companion." (Ex. A at p. 18).

### *Government Orders Regarding COVID-19*

20.     Coronavirus (COVID-19) (hereinafter "COVID-19") is a highly contagious airborne virus that has rapidly spread and continues to spread across the United States.

21.     COVID-19 is spread by a number of methods, including "community spread" disease meaning that some people have been infected and it is not known how or where they became exposed.  Public health authorities, including the CDC, have reported significant ongoing community spread of the virus including instances of community spread in all 50 states.

22.     COVID-19 has been declared a pandemic by the World Health Organization.

23.     The COVID-19 pandemic is a public health crisis that has profoundly impacted American society, including the public's ability to travel.

24.     In response to this pandemic, Federal and State authorities have limited travel, mandated social distancing and limited the number of people that can gather in any setting.

25.     On March 9, 2020, Governor J.B. Pritzker issued a disaster proclamation, formally declaring all counties in the State of Illinois a disaster area.

26.     On March 11, 2020, the World Health Organization declared COVID-10 a pandemic.

27.     On March 13, 2020, the President of the United States declared a nationwide emergency pursuant to Section 501(b) of the Stafford Act, covering all states and territories within the United States.

28.     On or about March 16, the President of the United States issued the President's Coronavirus Guidelines for America directing all persons to do their part to slow the spread of the coronavirus, including to avoid discretionary travel and avoid gatherings in groups of more than 10 people.

29.     On March 20, 2020, Governor Pritzker issued Executive Order 2020-10, ordering (1) Illinois residents to stay in their homes except when performing "essential" activities, (2) prohibiting gatherings of 10 or more people, and (3) prohibiting all non-essential travel, including but not limited to, travel by automobile, motorcycle, scooter, bicycle, train, plane, or public transit ("Stay at Home Order").

30.     On April 1, 2020, Governor Pritzker issued Executive Order 2020-18 continuing and extending the Stay at Home Order in its entirety until April 30, 2020.

31.     On April 30, 2020, Illinois' Governor Pritzker issued Executive Order 2020-32 continuing and extending the Stay at Home Order until May 30, 2020.

32.     As of May 1, 2020, all 50 states and the District of Columbia have had a stay at home order in place in response to COVID-19.

### *Generali Denies Plaintiffs' Claim under the Policy*

33.     At all times relevant hereto, Plaintiffs were "Insureds" under the Policy.

34.     Plaintiff fully complied with the terms of the Policy and performed all of their obligations under the Policy, including but not limited to the payment of premiums and the timely reporting of claims. Therefore, the Policy has been in effect since its inception without interruption.

35.     Plaintiffs trip was scheduled from March 21, 2020 – March 27, 2020.

36.     Plaintiffs were prevented from taking their trip by COVID-19, the President's Guidelines for America, and Governor Pritzker's stay-at-home orders (Executive Orders 2020-10, and 2020-18).

37.     Additionally, COVID-19 is a natural disaster that prevented Plaintiffs from reaching their destination by their original mode of transportation thereby making their destination "inaccessible" as that term is defined in the Policy.

38.     Plaintiffs have incurred out of pocket expenses in connection with their scheduled trip, including but not limited to the amount paid as a deposit for their accommodations, which the resort has refused to refund.

39.     On or about April 14, 2020, Plaintiffs filed a claim under the Policy with CSA Travel Protection, Generali's claims administrator, in accordance with the terms of the Policy.

40.     On or about April 16, 2020, CSA Travel Protection, on behalf of Generali, denied Plaintiffs' claim taking the position that the trip cancellation was not due to a "Covered Event."

### **Class Allegations**

41.     Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3), Plaintiff brings this action on behalf of themselves and the following proposed Class:

> All persons located within the United States that purchased Generali insurance policies with Master Policy No. TMP100010 and were prevented

> from taking a trip as a result of COVID-19 or related government directives
> who have incurred out of pocket trip expenses.

42.     The Class is so numerous that joinder of all members is impracticable. Due to the nature of the insurance involved, the members of the Class are geographically dispersed throughout the United States.  While only Generali Insurance knows the exact number of Class members, Plaintiff believes there are thousands of members in the Class.

43.     Plaintiffs' claims are typical of the claims of the other members of the Class they seek to represent because Plaintiffs and all Class members purchased identical coverage from Generali Insurance containing identical language regarding Trip Cancellation and Trip Interruption.

44.     Plaintiffs will fully and adequately protect the interests of all members of the Class. Plaintiffs have retained counsel experienced in complex class action and insurance litigation. Plaintiffs have no interests which are adverse to or in conflict with other members of the Class.

45.     The questions of law and fact common to the members of the Class predominate over any questions that may affect only individual members, namely:

      a.   whether COVID-19 is a Covered Event under the Policy;

      b.   whether the stay at home orders are Covered Events under the Policy;

      c.   whether the Policy requires Generali to reimburse would-be travelers for expenses incurred as a result of trip cancellation due to COVID-19; and

      d.   whether the Policy requires Generali to reimburse would-be travelers for expenses incurred as a result of trip cancellation due to a stay at home order.

46.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens

upon the courts and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort, and expense, and would assure uniformity of decision with respect to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results.

47.     The interest of the members of the Class in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class has a high degree of cohesion, and prosecution of the action through representatives would be unobjectionable. The damages suffered by the Class are uniform and/or formulaic, and the expense and burden of individual litigation might make it virtually impossible for them to redress the wrongs done to them. Plaintiff anticipates no difficulty in the management of this action as a class action.

## COUNT I – Breach of Contract ("Business Income")

48.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 47 as if fully set forth herein.

49.     Plaintiffs bring this count on behalf of the Class.

50.     By purchasing the Policy, Plaintiffs entered into a contract with Generali.

51.     Generali promised to provide Plaintiffs reimbursement for costs as described in the Policy if Plaintiffs were prevented from taking their trip due to a Covered Event.

52.     Plaintiffs were prevented from taking their scheduled trip due to a Covered Event, namely the COVID-19 quarantine.  Additionally, Plaintiffs accommodation were inaccessible as that term is defined in the Policy.

53.     On or about April 14, 2020, Plaintiff made a claim for coverage pursuant to the terms and conditions of the Policy.

54.    On April 16, 2020, Generali denied Plaintiff's claim for Coverage claiming that the trip was not prevented by a "Covered Event."

55.    By denying Plaintiffs' claim, Generali breached its contract with Plaintiffs.

56.    As a result of Generali denying Plaintiffs' claim, Plaintiffs have been prevented from recovering out-of-pocket expenses paid for their trip, thereby suffering damages.

## COUNT II – Declaratory Judgment

57.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 56 as if fully set forth herein.

58.    Plaintiffs bring this count on behalf of the Class and pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*

59.    Because Generali has denied Plaintiffs' claim for reimbursement under the Policy, there is an actual controversy between the parties.

60.    Plaintiffs seek a declaration by this Court that Plaintiffs were prevented from taking their trip because of a Covered Event, as that term is defined under the Policy.

61.    Plaintiffs seek a declaration that their our of pocket trip expenses are covered under the Policy and that Generali is obligated to reimburse Plaintiffs for such expenses in accordance with the Policy.

62.    Declaratory judgment will terminate the controversy and clarify the respective rights and obligations of the parties under Policy.

## Request for Relief

WHEREFORE, Plaintiff demands the following relief on behalf of themselves and all others similarly situated:

A.  That an Order be entered certifying this action as a Plaintiff Class action under Federal Rule of Civil Procedure 23;

B.  A declaration by this Court that Plaintiffs were prevented from taking their trip because of a Covered Event, as that term is defined by the Policy.

C.  A declaration by this Court that Plaintiffs' out of pocket trip expenses are covered under the Policy;

D.  A declaration that Generali is obligated to reimburse Plaintiffs' for their out of pocket trip expenses in accordance with the Policy;

E.  Compensatory damages in such amount as demonstrated by the proofs at trial and that the Court deems just and proper;

F.  Punitive damages as to Counts for which such damages are available under applicable law and in an amount that the Court deems just and proper;

G.  Imposition of a constructive trust, an order granting recessionary and injunctive relief and other such equitable relief that the Court deems just and proper;

H.  An appropriate claims resolution facility, funded by Defendant, to administer relief to the Class in this case;

I.  Costs of litigation and attorneys' fees; and

J.  All other appropriate relief.

Dated:  May 2, 2020                                    Respectfully submitted,

DUNCAN LAW GROUP, LLC,

By:     /s/ Robert R. Duncan
Attorney for Plaintiff

Robert R. Duncan (Illinois Bar #6277407)
James H. Podolny (Illinois Bar #66321307)
DUNCAN LAW GROUP, LLC
161 North Clark Street, Suite 2550
Chicago, Illinois 60601
Phone: (312) 202-3283
Fax: (312) 202-3284
rrd@duncanlawgroup.com
jp@duncanlawgroup.com

ESBROOK LAW, LLC,

By:     /s/ Christopher Esbrook
Attorney for Plaintiff

Christopher J. Esbrook (Illinois Bar #6282829)
Michael Kozlowski (Illinois Bar #6320950)
ESBROOK LAW, LLC
77 W. Wacker Dr. Suite 4500
Chicago, Illinois 60601
Phone: (312) 319-7680
christopher.esbrook@ebsrooklaw.com
michael.kozlowski@esbrooklaw.com